UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------X
MILLIPORE CORPORATION,        )
      Plaintiff,           )
                          )
                          )
v.                           )      Civil Action No.  09-10765 DPW
                          )
                          )
W.L. GORE & ASSOCIATES, INC.,   )
      Defendant.          )
-------------------------------------------------------X

## GORE'S BRIEF IN OPPOSITION TO
## MILLIPORE'S RULE 59(e) MOTION FOR RECONSIDERATION

## INTRODUCTION

Millipore should not have brought this Rule 59(e) motion for reconsideration. The First Circuit has emphasized that Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). The First Circuit has also emphasized that "it is very difficult to prevail on a Rule 59(e) motion." *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005); *see also* 11 Wright & Miller, *Federal Practice & Procedure* § 2810.1 ("[B]ecause of the narrow purpose for which they are intended, Rule 59(e) motions typically are denied."). As this Court has observed, "'the interests of finality and conservation of judicial resources' weigh against altering or amending a decision." *Island View Residential Treatment Center, Inc. v. Bluecross Blueshield of Massachusetts, Inc.*, 2008 WL 313781 at *1 (D. Mass. Jan. 31, 2008) (Woodlock, J.) (quoting 12 James W. Moore, *Moore's Federal Practice* § 59.30[4] (3d ed.2007)). Thus, the "general rule" in the First Circuit is that a party bringing a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." *Marie*, 402 F.3d at 7 n.2 (citation omitted); *see also Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir. 2008) (same).

Moreover, the Supreme Court has firmly rejected the use of Rule 59(e) as a mechanism to merely reargue issues on which a party has lost and to raise new arguments that a party could have, but chose not to raise during litigation, emphasizing that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S. Ct. 2605, 2617 n.5 (2008) (citation omitted). Or as the First Circuit puts it: "Rule 59(e) . . . does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the

district court prior to judgment." *Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 422 (1st Cir. 2005) (citation omitted).

Under this controlling precedent, Millipore has failed to prove entitlement to relief under Rule 59(e). Nothing in the Court's careful claim construction and summary judgment order comes close to "manifest error." *Marie*, 402 F.3d at 7 n.2. Indeed, federal courts have emphasized that the label of "manifest error" under Rule 59(e) is reserved for the extraordinary situation in which the moving party can demonstrate "wholesale disregard . . . [for] controlling precedent" or an error "so egregious that an appellate court could not affirm the judgment." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Dorger v. Allstate Ins. Co.*, 2009 WL 2136268 at *1 (E.D. Ky. July 16, 2009). This case presents no such situation. Here, the Court granted Gore summary judgment of noninfringement in September after receiving extensive briefing and argument over an eight-month period, including two sets of supplemental briefing and two separate hearings. The Court detailed its findings in a 47-page order that thoroughly explained the Court's analysis and showed that the Court had carefully considered the evidence and arguments on both sides. The Court's careful, comprehensive order contains nothing approaching a "manifest error." *Dorger*, 2009 WL 2136268 at *1.

Moreover, Millipore's Rule 59(e) motion does exactly what Rule 59(e) forbids: It attacks aspects of the Court's Order by rehashing arguments about "cap" that it already made and lost. It submits additional arguments and an expert declaration that it could have submitted before summary judgment was entered. Millipore even goes so far as to blame the Court for Millipore's own inexplicable failure to fully address the doctrine of equivalents (Millipore Br. at 4 n.1), an issue on which the Court allowed Millipore two supplemental briefs before summary judgment.

Recognizing that it faces a steep uphill battle under Rule 59(e), Millipore asks in the alternative for the Court to enter judgment under Rule 54(b).  As discussed below, Gore agrees that the technical rules of the Federal Circuit on final appealable judgments require courts to either (1) expressly dismiss counterclaims of invalidity and inequitable conduct without prejudice by adding those words to the judgment under Rule 60(a) or (2) certify partial judgment under Rule 54(b).  Either mechanism is an appropriate procedural route to get this case to the place where it belongs—before the Federal Circuit on appeal, not back to this district court via an improper Rule 59(e) motion.

## A.      MILLIPORE'S RULE 59(e) MOTION SHOULD BE DENIED.

The decision to grant or deny a motion for reconsideration under Rule 59(e) in a patent case is governed by regional circuit law.  *Minton v. NASD*, 336 F.3d 1373, 1378-79 (Fed. Cir. 2003).   The "general rule" in the First Circuit is that a party bringing a motion to amend a judgment under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence."  *Marie*, 402 F.3d at 7 n.2; *see also Prescott*, 538 F.3d at 45; *Federal Deposit Ins. Corp. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (same); *Island View*, 2008 WL 313781 at *1.

The Supreme Court and First Circuit have identified several categories of arguments that justify the prompt denial of a Rule 59(e) motion.  First, Rule 59(e) "may not be used to relitigate old matters."  *Exxon*, 128 S. Ct. at 2617 n.5 (citation omitted); *Prescott*, 538 F.3d at 45 (stating that the "repetition of previous arguments is not sufficient").  Second, the moving party cannot use a Rule 59(e) motion to "undo its own procedural failures." *Emmanuel*, 426 F.3d at 422; *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st Cir. 1994) ("Unlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence [on an issue before judgment] . . . does so at his

peril."). Third, Rule 59(e) does not allow the moving party "to raise arguments or present evidence that could have been raised prior to entry of judgment." *Exxon*, 128 S. Ct. at 2617 n.5 (citation omitted); *Emmanuel*, 426 F.3d at 422 (Rule 59(e) does not allow "a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'"); *see also Ajinomoto Co., v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1350 (Fed. Cir. 2000) ("Rule 59(e) is not a vehicle for reopening judgments to present information that was long possessed by the movant and that was directly relevant to the litigation.").

Millipore's motion fails under all these standards. First, Millipore does not meet its burden of "clearly establish[ing]" that the Court committed "manifest error." *Marie*, 402 F.3d at 7 n.2. Second, Millipore's motion violates all three of the rules governing the proper use of Rule 59(e).

*1. Millipore cannot meet its stringent burden of "clearly establish[ing]" that the Court committed "manifest error."* It appears that Millipore's main basis for reconsideration is its contention that the Court committed "manifest error" in granting summary judgment of noninfringement by focusing on the "wrong opening" in the accused device. However, Millipore cannot meet its stringent burden of "clearly establish[ing]" a "manifest error." *Marie*, 402 F.3d at 7 n.2. The First Circuit has observed that a party moving under Rule 59(e) is "generally unlikely to succeed" in "clearly establish[ing] manifest error." *Kansky v. Coca-Cola Bottling Co.*, 492 F.3d 54, 60 (1st Cir. 2007) (citing *Marie*). Other federal courts have emphasized that, to prove "manifest error," a party "must not only establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment" *See Dorger*, 2009 WL 2136268 at *1; *see also Oto*, 224 F.3d at 606 (defining "manifest error" as "wholesale

disregard, misapplication, or failure to recognize controlling precedent" on the part of the court); *H & A Land Corp. v. City of Kennedale,* 2005 U.S. Dist. LEXIS 25797 at *5 (N.D. Tex. Oct. 24, 2005) ("There is no precise definition in the law for what constitutes 'clear error,' though it's clear that any analysis of clear error should conform to a 'very exacting standard.'  District courts should have a clear conviction of error 'before finding that a . . . judgment was predicated on clear error.'  ***In essence, a judgment must be 'dead wrong' to qualify as being clearly erroneous.***") (emphasis added and citation omitted).

Specifically, Millipore contends that the "Court's focus on the wrong opening led to the erroneous finding that no jury could reasonably conclude that the opening is placed behind the cap."  (Millipore Br. at 1.)  But Millipore has not pointed to anything that shows that the Court made a manifest error in its analysis of the openings in the accused device, let alone demonstrated how any such error would render the Court's ***judgment*** clearly erroneous.

As an initial matter, the principal ground for the Court's judgment of noninfringement had nothing to do with the relative locations of the openings in the accused device.  The principal ground turned on the Court's construction of the "cap"-related limitation and its conclusion that the accused devices do not ***have*** a "cap" as claimed in the '477 Patent.  In other words, the Court concluded that the silicone seal in the accused device is not a "cap" because "[n]o reasonable jury could conclude that the silicone seal and the rigid rod of the Accused Products are part of the same structure."  (Order at 38.)  As the Court noted, "this finding ***alone*** [wa]s sufficient to establish that the Accused Products do not literally infringe Claims 1 and 5 of the '477 Patent." (Order at 38 n.11 (emphasis added).)  The Court reached a similar conclusion with respect to the doctrine of equivalents, concluding that Millipore is estopped from asserting infringement of the "cap" limitation under the doctrine of equivalents, and stated that this finding was "sufficient ***in***

*itself* to support summary judgment against Millipore on its equivalents theory."  (Order at 44 n.14 (emphasis added).)  Thus, as expressly stated in the Court's Order, the Court's conclusion that Gore's accused devices do not have a "cap" entitled Gore to judgment of non-infringement.

With respect to the Court's analysis of the openings in the accused device, the Court was absolutely correct in pointing out that, as an "additional reason" for non-infringement (Order at 38 n.11 & 44 n.14), "no reasonable jury could reasonably conclude that the opening through which the fluid flows in the Accused Products is placed behind the cap."  (Order at 39.)  To begin, the Accused Products cannot have an "opening located at the back of the cap" given that the accused Gore device does not have a "cap."  (Order at 19, 38-39.)  Without the claimed "cap," there can be no infringement of a limitation that requires the "opening" to be behind the "cap."  In addition, consistent with the Court's analysis, the opening of the rigid rod—i.e., the opening through which fluid flows into a "passage" of the rigid rod—is located in the front, not at the back, of the silicone seal.  (Order at 39; *see also* 5/19/09 Hearing, 47:6-14; 48:4-18; 55:23-25; 9/8/09 Hearing, 4:3-24.)

The extent of Millipore's actual analysis of the Court's alleged "manifest error" on "opening" is set out in one paragraph on page 7 of its brief.  Millipore's sole focus is on a footnote in the Court's Order which recognizes that the "rigid rod has an opening located in the back of the silicone seal." (Millipore Br. at 7; Order at 39 n.12.)  But Millipore fails to show how this establishes a "manifest error" in the Court's judgment.  Nor can Millipore—the Court's statement is correct.  The Accused Products do have an opening at the back of the rigid rod and that opening was not the opening at issue in Gore's motion for summary judgment.  (Gore Summary Judgment Brief at 8 (Dkt. No. 29); Millipore Opposition to Gore's Motion for Summary Judgment at 5-7 (Dkt. No. 50); Gore's Brief on Doctrine of Equivalents at 16 n.3 (Dkt.

No. 60); *see also* 5/19/09 Hearing, 47:6-14; 48:4-18; 55:23-25; 9/8/09 Hearing, 4:3-24.)
Millipore, therefore, has not met its burden of explaining how the Court's analysis amounts to
error, let alone a "manifest error" requiring amendment of the Court's judgment of non-
infringement.

> *2.  Millipore's motion is an inappropriate attempt to relitigate claim construction.*   In
reading through Millipore's brief, it quickly becomes apparent that its real complaint is not with
the Court's analysis of "opening," but rather with the Court's main ground for summary
judgment—the "having" aspect of the "cap" limitation.  That is likely why Millipore spends
much of its brief rearguing claim construction.  (Millipore Br. at 7-12 (rearguing the construction
of the having aspect of the "cap" limitation); *see also id.* at 16-19 (rearguing the construction of
"adjacent"))  In other words, Millipore uses its argument on "opening" as a thinly veiled pretext
to revisit the very claim construction and infringement issues that Millipore had more than ample
opportunity to address and be heard on—including two separate hearings and five briefs.  (*See*
Dkt Nos. 34, 49, 50, 58, 65 (Millipore's briefs on claim construction and non-infringement
issues).)  Millipore's tactic is plainly improper under Rule 59(e).  As the Supreme Court has
made clear, Rule 59(e) "may not be used to relitigate old matters."  *Exxon*, 128 S. Ct. at 2617
n.5; *Prescott*, 538 F.3d at 45 ("[R]epetition of previous arguments is not sufficient to prevail on a
Rule 59(e) motion").

Moreover, consistent with *Phillips* and Federal Circuit precedent on claim construction,
the Court's construction of the having aspect of the "cap" limitation is based on a thorough
analysis of the intrinsic record and the parties' arguments.  (*See* Order at 15-18.)  The Court
carefully walked through the evidence in the claims, the specification, the figures in the patent,
and the prosecution history to identify the broad-based support for its construction in the intrinsic

record.  There is no suggestion—not even a hint—that the Court was confused about the evidence relevant to claim construction, that the Court misunderstood the location of the relevant "opening" to a "passage of the elongate member," or that the relative location of that "opening" played a critical, let alone dispositive, role in the Court's claim construction analysis.  Just the opposite, the Court's order cites the relevant claim language that makes clear the relevant "opening" is the "opening to a passage" of the elongate member.  (Order at 15-16 (citing '477 Patent, Claim 1 and 5.)   The Court also correctly noted that during prosecution of the '477 patent the PTO contrasted a prior art reference, Jaeger, from the claimed invention based on the fact that, in contrast to the claimed invention, "no single 'member' includes both a cap and an opening to a passage."  (Order at 17-18 (quoting '477 Patent, Prosecution History at 124).)  The Court accurately quoted the prosecution history, and the prosecution history is consistent with the idea that "cap" and the "elongate member" are part of the same structure.  Thus, far from identifying any "manifest error," Millipore's arguments surrounding the having aspect of the "cap" limitation are a transparent attempt to relitigate claim construction.

### 3. *Millipore improperly uses its motion to try to reargue doctrine of equivalents.*

Among the most regrettable aspects of Millipore's Rule 59(e) motion are its suggestions that the Court somehow undermined Millipore's ability to defend itself against Gore's summary judgment motion.  Each instance of alleged unfairness that Millipore identifies was entirely of Millipore's own making.  And the First Circuit has made it clear that a party cannot use a Rule 59(e) motion to "undo its own procedural failures." *Emmanuel*, 426 F.3d at 422.

For example, with respect to the doctrine of equivalents, Millipore lodges this remarkable complaint against the Court:  "It is respectfully submitted that differences between the preliminary construction of the structure of the 'cap' at the Hearing on May 19, 2010 and the

construction in the Memorandum and Order was unforeseen and unforeseeable, and it is respectfully requested that Millipore be permitted to address doctrine of equivalents with the construction in the Memorandum and Order, including the evidence provided in the Slocum Affidavit filed herewith."  (Millipore Br. at 4 n.1.)

But as Millipore well knows, it had multiple chances to provide a doctrine of equivalents argument with respect to the having aspect of the "cap" and neglected or chose not to provide one each time.  Millipore did not provide a doctrine of equivalents position on "cap," or any other limitation for that matter, in its initial infringement contentions.   (Dkt. No. 19 at 2.) Millipore did not provide a doctrine of equivalents argument with respect to "cap" in response to Gore's summary judgment motion on the doctrine of equivalents (Dkt. No. 29 at 9-13), choosing instead to merely "rely on . . . literal infringement."  (Dkt. No. 50 at 13.)  Then at the claim construction hearing in May, the Court told the parties:

> It does not strike me that there is any reason why someone would not know at the outset that doctrine of equivalents is a potential for an infringement lawsuit. Why should we not just get it out right away?

(5/19/10 Tr. at 5:5-9.)   The Court allowed Millipore to submit extensive supplemental briefing on doctrine of equivalents, but emphasized that the parties should do so "full-bore."  (*Id.* at 71:1; *see also id.* at 83:10-84:13, 85:13-25.)   But Millipore inexplicably continued not to address doctrine of equivalents on "cap" in its supplemental briefing, instead focusing on "sample gating means."  (Dkt. No. 58.)  Moreover, when Millipore submitted a second supplemental brief, it chose not to address doctrine of equivalents with respect to the "having" aspect of the "cap" limitation.  (Dkt. No. 65.)  As the First Circuit has stated, "[u]nlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence [on an issue before judgment] . . . does so at his peril."  *Vasapolli*, 39 F.3d at 36.  That is exactly what Millipore has done here.

Likewise, Millipore cannot credibly argue that the Court's construction of the "having" aspect of "cap" was "unforeseen and unforeseeable."  Nothing about the Court's construction of this limitation is a surprise.  Millipore only had to read Gore's papers in this case to foresee the Court's construction of "cap."  In those papers, Gore offered the same construction that it has offered throughout the case—from initial disclosures filed on October 29, 2009 (Dkt. No. 20), to the claim construction briefing filed in January and February 2010, and through the September 8, 2010 summary judgment hearing.

Finally, Millipore makes the incredible argument that the Court failed to consider Millipore's purported alternative theory that the "cap" was actually the structure at the end of the rigid rod in the Gore product—not the silicone seal.  First, Millipore completely ignores that Millipore's counsel told the Court at the summary judgment hearing in September: "We don't consider [the tip on the end of the rigid rod], for the purposes of the infringement analysis that we are conducting, to be the cap."  (9/8/10 Tr. at 37:13-15.)  Second, Millipore's argument almost seems to presume that it is somehow proper for a party to make constantly evolving infringement positions throughout the course of a federal district court litigation on both literal infringement and the doctrine of equivalents.  But in making its argument, Millipore ignores the fact that its infringement contentions identified Gore's silicone seal as the "cap" (Dkt. No. 19, Exhibit B (identifying the silicone seal as the cap (314)), and that Millipore confirmed this position in response to Gore's Request for Admission No. 11 (Dkt. No. 32, Stump Decl., Ex. 9). At no point during the litigation did Millipore take steps to amend this position, as it would be required to do under the Federal Rules of Civil Procedure.  Thus, this is the classic case where Millipore is improperly attempting to use a Rule 59(e) motion to "undo its own procedural failures." *Emmanuel*, 426 F.3d at 422.  As the First Circuit has stated, "A party who sits in

silence, withholds potentially relevant information, allows his opponent to configure the summary judgment record, and acquiesces in a particular [issue] does so at his peril." *Vasapolli*, 39 F.3d at 36.

    **4.   Millipore improperly uses its motion to introduce supplemental argument and evidence that was available to it before summary judgment.**   Finally, the law is clear that a party may not use Rule 59(e) "to raise arguments or present evidence that could have been raised prior to entry of judgment." *Exxon*, 128 S. Ct. at 2617 n.5 (citiation omitted); *Emmanuel*, 426 F.3d at 422.   But that is exactly what Millipore has done here.   Millipore introduces a new expert declaration from the same expert that it used to submit two declarations before judgment was entered.   This new declaration addresses the "opening" in the Accused Products relevant to Gore's motion for summary judgment of non-infringement, the prosecution history and the Jaeger reference, and the claim construction (Slocum Decl., ¶¶1-31, 45-47) —all issues that were fully briefed by the parties and heard by the Court prior to granting summary judgment and that Millipore cannot now reargue and relitigate.   In its new expert declaration, Millipore also makes new arguments on the doctrine of equivalents (*id.* at ¶¶32-40, 48-51) and literal infringement (*id.* at ¶¶41-44)—all of which could have been raised before entry judgment.   In its brief, Millipore does not suggest otherwise.   Again, if Millipore wanted to rely on such arguments, it needed to raise them prior to entry of judgment.   *Exxon*, 128 S. Ct. at 2617 n.5; *Emmanuel*, 426 F.3d at 422.

    The bottom line is that Millipore, like all parties in a patent case, made strategic choices to advocate for one claim construction theory over another or one infringement argument over another, and those choices have consequences.   The conservation of judicial resources dictates that Millipore cannot now have yet another bite at the apple through a Rule 59(e) motion.

Instead, Millipore's arguments are properly directed to an appeal to the Federal Circuit and Millipore's Rule 59(e) motion should be denied.

## B.     THE COURT SHOULD EXPRESSLY DISMISS GORE'S COUNTERCLAIMS WITHOUT PREJUDICE

Recognizing the challenge of prevailing under Rule 59(e), Millipore has also moved in the alternative for entry of partial judgment on noninfringement under Rule 54(b).  Assuming that the Court denies Millipore's Rule 59(e) motion, Gore agrees that the Court should take the procedural step of ensuring that its judgment is appealable to the Federal Circuit. Gore suggests that the Court do one of two things: (1) make a simple addition to its judgment under Rule 60(a) that "Gore's counterclaims for invalidity and inequitable conduct are dismissed without prejudice" or (2) certify partial judgment under Rule 54(b) with the express statement that "there is no just reason for delay of the appeal."  The reason for taking an additional step is that Federal Circuit is very particular as to what constitutes a final appealable judgment in a patent case. Even after a district court enters judgment of noninfringement in a patent case, the Federal Circuit requires the district court to either (1) expressly dismiss the defendant's counterclaims without prejudice to create a final appealable judgment or (2) to certify partial judgment on noninfringement under Rule 54(b).  *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350-51 (Fed. Cir. 2003) (discussing the issue and laying out options for creating final appealable judgment); *Korszun v. Public Techs. Multimedia, Inc.*, 96 Fed. Appx. 699, 700 (Fed. Cir. 2004) (dismissing appeal for lack of final judgment due to pending counterclaims, even when the court entered judgment with the words "the case is closed").

The easiest and most direct route for the Court to take here would be to make explicit what was implicit when it entered judgment and closed the case earlier this month—namely, to add a single sentence to an amended judgment stating that "Gore's counterclaims for invalidity

and inequitable conduct are dismissed without prejudice."  See Rule 60(a) (providing that a district court can correct "omission" in judgment "on its own, with or without notice").  Gore suggests that the Court use this procedural mechanism.

However, Millipore is correct that the Federal Circuit has allowed the district court to issue a Rule 54(b) certification on a noninfringement judgment if it "expressly determines that there is no just reason for delay."  The disadvantage of a Rule 54(b) certification is that while it would allow the noninfringement judgment to go up on appeal, it would technically leave Gore's counterclaims pending in the district court.  However, if the Court takes the Rule 54(b) route, Gore would plan to file a Rule 41(a) motion to dismiss its counterclaims without prejudice so that the Court does not have to keep this case on its docket.

Dated:  October 29, 2010

Respectfully submitted,

 /s/ *James W. Poradek*_____
Robert L. Ciociola BBO#084140
LITCHFIELD & CAVO LLP
6 Kimball Lane
Suite 200
Lynnfield, MA 01940-2682
Telephone: (781) 309-1500
Facsimile: (781) 246-0167

James W. Poradek (pro hac vice)
Christopher J. Burrell (pro hac vice)
Katherine S. Razavi (pro hac vice)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600

**ATTORNEYS FOR DEFENDANT
W. L. GORE & ASSOCIATES**

fb.us.5888524.08

CERTIFICATE OF SERVICE

       I hereby certify that a true copy of this document was served upon the plaintiff in this action by email, as agreed by the parties, on October 29, 2010, addressed to:

Susan G. L. Glovsky
susan.glovsky@hbsr.com

Alexander Akhiezer
alexander.akhiezer@hbsr.com

Patrick A. Quinlan
patrick.quinlan@hbsr.com

_____/s/  Katherine S. Razavi_____
Katherine S. Razavi

16